Draper & Caldwell v. Andrews.

---

DRAPER & CALDWELL v. ANDREWS ET AL.

1. **Fraud:** SALE: JUDGMENT. Facts considered which were held insufficient to establish fraud in the sale of real estate, and subject it in the hands of the vendee to the payment of a judgment against the vendor.

*Appeal from Plymouth Circuit Court.*

THURSDAY, DECEMBER 5.

THE plaintiffs held a judgment against the defendant Andrews for two hundred and thirty-five dollars debt, and seventy-two dollars costs. Execution was issued thereon and returned no property found. This action is brought to subject to the payment of the judgment certain real estate, the title of which was formerly in Andrews, but is now in the defendant Williams. The plaintiffs aver that the conveyance

to Williams is fraudulent.	Decree for plaintiffs.	Defendant Williams appeals.

*Clarke & Curtis* and *Joy & Wright*, for appellant.

*Struble Brothers*, for appellee.

ADAMS, J.—We have all read the evidence separately, and have all separately come to the conclusion that the decree can-

1. FRAUD: sale: judgment.

not be sustained. It is not contended by the plaintiffs that there is direct evidence that Williams had knowledge of Andrews' fraudulent purpose, but it is said that facts are shown from which such knowledge might be inferred. The facts relied upon are that Williams had recently been in partnership with Andrews; that he knew of the pendency of the action in which the judgment was rendered; that the trade was consummated after a negotiation of about five minutes; and that he did not examine the records, although the parties, at the time the trade was made, were at the county seat. Conceding that these facts have the tendency which the plaintiffs claim, they are not, we think, under the explanation given, sufficient to overcome the positive statement of Williams that he had no knowledge that Andrews had a fraudulent intent. The claim for which the action was pending was not a large one, and although Williams admits that he had knowledge of it, he says it did not occur to his mind at the time, nor until the evening of the day on which the trade was made. The shortness of the negotiation, and the omission to examine the records, are explained, at least in part, by the statement by Williams that he was well acquainted with the property, and knew what there was against it.

But it is urged that the facts known to Williams were sufficient to put him upon inquiry. This depends largely upon the question as to what further facts could have been reached if he had inquired. It appears from the evidence that he might have ascertained that the real estate in question was all that Andrews owned. But it is not shown that Andrews

was insolvent. On the other hand, it appears from the evidence that Williams paid Andrews seven hundred dollars; that he gave his note for twelve hundred dollars; and that Andrews had several hundred dollars' worth of personal property besides. There is no evidence that Andrews owed anything except the debt due the plaintiffs, which was for only two hundred and thirty-five dollars and costs, and another debt for five hundred dollars, which Williams assumed to pay, as a part of the consideration of the land. If, then, Williams had ascertained every fact that could properly be said to be within his reach, they would not have revealed an intention on the part of Andrews to perpetrate a fraud.

REVERSED.